IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS LARRY CLEWIS,

        Plaintiff,                    No. CIV S-09-2120 JAM GGH P

      vs.

CALIFORNIA PRISON HEALTH
CARE SERVICES, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 25.84 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1    Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

2    preceding month's income credited to plaintiff's prison trust account.  These payments will be

3    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

4    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5            The court is required to screen complaints brought by prisoners seeking relief

6    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10   U.S.C. § 1915A(b)(1),(2).

11           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989); Franklin, 745 F.2d at 1227.

18           A complaint must contain more than a "formulaic recitation of the elements of a

19   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

20   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

21   "The pleading must contain something more...than...a statement of facts that merely creates a

22   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

23   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

24   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

25   v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

26   570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

2

1   that allows the court to draw the reasonable inference that the defendant is liable for the

2   misconduct alleged." Id.

3           In reviewing a complaint under this standard, the court must accept as true the

4   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

6   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

7   1843 (1969).

8           Plaintiff sets forth the following as defendants: California Prison Health Care

9   Services; John/Jane Doe, R.N.  Plaintiff claims that on May 26, 2008, while playing softball on

10  the main exercise yard at California State Prison-Sacramento (CSPS), he broke his left arm, after

11  which he ran to the unnamed nurse on duty at C-Facility, who told him his arm was sprained.

12  Complaint, p. 3.  After plaintiff explained that he knew his arm was broken, she put a splint on it,

13  and instructed unnamed staff to take plaintiff to Folsom Mercy Hospital, where he was refused

14  medical treatment because that hospital did not have a contract with the state.  Id.  Plaintiff was

15  returned to CSPS with the splint on but no further medical attention; the next day, plaintiff was

16  not initially called out to be seen by a doctor, but after persisting, he was seen by a doctor who

17  immediately called an ambulance, sending plaintiff to U.C. Davis Medical Center.  Id. at 3-4.  At

18  UCD Med. Center, doctors told plaintiff he had a very bad break, requiring immediate surgery;

19  thereafter, plaintiff was kept in the hospital for 24 hours to fight any potential infections, which

20  allegedly might have come due to the delay in treating his arm.  Id. at 4.  Plaintiff seeks money

21  damages for what he alleges was deliberate indifference to his serious medical needs..  Id. at 4.

22          In the first place, plaintiff fails to name any appropriate defendant in failing to

23  identify any individual upon whom the court could order service of the complaint, assuming

24  plaintiff had framed a colorable claim.  Further, as to defendant California Prison Health Care

25  Services, on the face of it, this would appear to be an entity or agency of the California

26  Department of Corrections and Rehabilitation.  The Eleventh Amendment serves as a

1   jurisdictional bar to suits brought by private parties against a state or state agency unless the state

2   or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v.

3   Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.

4   1982).  In the instant case, the State of California has not consented to suit.  Accordingly,

5   plaintiff's claims against California Prison Health Care Services are frivolous and must be

6   dismissed.

7           As to the putative Doe defendant, an unnamed registered nurse (R.N.), plaintiff is

8   informed that the use of fictitiously named Doe defendants is generally not favored.  Gillespie v.

9   Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Amendment is allowed, however, to substitute true

10  names for fictitiously named defendants.  Merritt v. County of Los Angeles, 875 F.2d 765, 766

11  (9th Cir. 1989).   Therefore, plaintiff will be granted an opportunity to amend to identify a specific

12  individual upon whom the court could direct service of any amended complaint, assuming, of

13  course, he can frame a colorable claim of an Eighth Amendment violation.  See below.

14          In order to state a § 1983 claim for violation of the Eighth Amendment based on

15  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

16  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

17  285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

18  serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,

19  501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.

20  1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

21  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

22          A serious medical need exists if the failure to treat a prisoner's condition could

23  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

24  that a prisoner has a serious need for medical treatment are the following:  the existence of an

25  injury that a reasonable doctor or patient would find important and worthy of comment or

26  treatment; the presence of a medical condition that significantly affects an individual's daily

1  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

2  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

3  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

4  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

5              In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

6  defined a very strict standard which a plaintiff must meet in order to establish "deliberate

7  indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.

8  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

9  which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.

10  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

11  should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

12             It is nothing less than recklessness in the criminal sense – subjective standard –

13  disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at

14  1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn

15  that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837,

16  114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

17  of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at

18  847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his

19  knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was

20  obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at

21  1981.  However, obviousness per se will not impart knowledge as a matter of law.

22             Additionally, mere delay in medical treatment without more is insufficient to state

23  a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

24  F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

25  no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing

26  Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

1   1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends

2   to provide additional support for a claim of deliberate indifference; however, it does not end the

3   inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

4   medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

5   needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

6   the defendant."  McGuckin, 974 F.2d at 1061.

7          The complaint will be dismissed but plaintiff will be granted leave to amend.

8          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

9   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

10  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

11  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

12  there is some affirmative link or connection between a defendant's actions and the claimed

13  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

14  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

15  vague and conclusory allegations of official participation in civil rights violations are not

16  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

18  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

19  amended complaint be complete in itself without reference to any prior pleading.  This is

20  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

21  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

22  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

23  original complaint, each claim and the involvement of each defendant must be sufficiently

24  alleged.

25  \\\\\

26  \\\\\

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4    Plaintiff is assessed an initial partial filing fee of $ 25.84.  All fees shall be collected and paid in

5    accordance with this court's order to the Director of the California Department of Corrections

6    and Rehabilitation filed concurrently herewith.

7        3.  The complaint is dismissed for the reasons discussed above, with leave to file

8    an amended complaint within thirty days from the date of service of this order.  Failure to file an

9    amended complaint will result in a recommendation that the action be dismissed.

10   DATED: November 2, 2009

11

                                        /s/ Gregory G. Hollows
12
                                        _____
13                                      GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE
14

15   GGH:009
     clew2120.b
16

17

18

19

20

21

22

23

24

25

26