IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS LARRY CLEWIS,

      Plaintiff,                              No. CIV S-09-2120 JAM GGH P

      vs.

CALIFORNIA PRISON HEALTH
CARE SERVICES, et al.,

      Defendants.                     ORDER

_____/

          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This court directed service of the amended complaint upon defendants Dr. Jen and Rebecca Asp by order filed on August 30, 2010. It was entered in the case docket, on November 4, 2010, that the summons for defendant Jen was returned unexecuted. On November 16, 2010, the court directed plaintiff to provide additional information for this individual to be served. Plaintiff was directed to seek such requisite information through, inter alia, discovery and the California Public Records Act, Calif. Gov't. Code § 6250, et seq. Plaintiff was also informed that he could seek judicial intervention if the necessary information was denied or unreasonably delayed. Plaintiff was given sixty days to provide the information, but he has failed to respond in any way to that order and the time for doing so has long expired.

1

Defendant Asp filed an answer on November 16, 2010, and returned an executed waiver of service on December 29, 2010. On December 27, 2010, upon the filing of defendant Asp's answer, the court issued the discovery and scheduling order, wherein the discovery deadline was set for June 15, 2011, and the time for filing pretrial dispositive motions was set to end on November 16, 2011.

On May 25, 2011, defendant Asp filed a request for an updated discovery and scheduling order, indicating that no discovery had as yet been conducted by either party. Counsel declares as well that she had been preparing to set plaintiff's deposition when she determined that defendant Jen had not been served. Counsel states that she intends to take plaintiff's deposition only once and anticipates that she would likely represent defendant Jen if that defendant were served. She declares under penalty of perjury that she has no information regarding defendant Jen's current whereabouts and asks that plaintiff be required to serve defendant Jen properly or that defendant be dismissed. Counsel further requests that the current deadlines then be re-set.

In relevant part, Fed. R. Civ. 4(m) states:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It has been more that 265 days, well over 120 days, since service was directed upon defendant Jen. Therefore, this defendant will be dismissed without prejudice under Fed. R. Civ. P. 4(m), if plaintiff is unable to show good cause within fourteen days why further efforts to serve Jen at this point would not be futile. Johnson v. Meltzer, 134 F.3d 1393, 1396 (9th Cir. 1998) (Fed. Rule Civ. P. 4(m) provides that a defendant, unserved after 120 days, shall be dismissed by the district court without prejudice). The court is being very generous in light of plaintiff's wholesale failure to respond to the order of November 16, 2010.

Although defendant's counsel has sworn that she has no information concerning the current whereabouts of defendant Jen at this time, counsel does not indicate that she has conducted any sort of inquiry. Therefore, simultaneous, with its order directing plaintiff to show good cause why defendant Jen should not be dismissed, the court will direct defendant Asp's counsel to query the California Department of Corrections and Rehabilitation (CDCR) to ascertain the whereabouts of defendant Jen. If defendant Dr. Jen is still employed with the Department of Corrections or Rehabilitation or any other California state agency, counsel shall provide the business address to plaintiff. If counsel is otherwise informed of the business address of defendant Jen, counsel shall provide that address to plaintiff. In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business address of defendant Jen, counsel shall so inform the court.

With respect to extending deadlines, defendant does not offer a particularly good rationale for both parties having failed to conduct any discovery whatever at this point. However, counsel's desire to take only one deposition of plaintiff is not unreasonable.

Accordingly, IT IS ORDERED that:

1. Plaintiff has fourteen days to show good cause why defendant Jen should not be dismissed pursuant to Fed. R. Civ. P. 4(m);

2. Counsel for defendant Asp has fourteen days to conduct an inquiry for a business address for defendant Jen, as set forth above, and to either inform plaintiff of any such address or inform the court that such an address cannot be ascertained;

3. Defendant's May 25, 2011 (docket # 27), request for the discovery and scheduling order (docket # 25) to be updated is granted;

4. The discovery cut-off date is hereby extended to September 15, 2011, and the pretrial motion filing deadline is continued to February 16, 2012; and

\\\\\

\\\\\

1         5.  No further request for an extension of time will be considered absent

2   extraordinary cause.

3   DATED: June 2, 2011

4                                             /s/ Gregory G. Hollows

5                                     GREGORY G. HOLLOWS
                                  UNITED STATES MAGISTRATE JUDGE

6

7   GGH:009
clew2120.ord