IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS LARRY CLEWIS,

    Plaintiff,      No. CIV S-09-2120 JAM GGH P

    vs.

CALIFORNIA PRISON HEALTH
CARE SERVICES, et al.,      ORDER and

    Defendants.      FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By Order, filed on August 30, 2010 (docket # 20), this court directed service of the summons and amended complaint upon defendants Dr. Jen and Rebecca Asp. On November 16, 2010 (docket # 23), plaintiff was directed to provide additional information for defendant Dr. Jen to be served because process had been returned unserved as to this defendant. When plaintiff failed to respond to that order, by an Order, filed on June 2, 2011 (docket # 28), plaintiff was directed to show good cause why unserved defendant Dr. Jen should not be dismissed without prejudice from this action, pursuant to Fed. R. Civ. P. 4(m), within fourteen days; defendant's counsel was, in the same period, therein ordered to query the California

////

Department of Corrections (CDCR) and Rehabilitation as to the whereabouts of defendant Dr. Jen.

In response to the show cause order, plaintiff contends that the CDCR and the Attorney General have a "standing rule" not to reveal the whereabouts of former employees to shield them from civil liability and cites two cases where he says the CDCR and AG so maintained and a defendant in each case was dismissed unserved. See docket # 29. Apparently by way of explanation for having failed to respond to the court's earlier order, plaintiff also asserts that he did not know he was to keep the court apprised of any change in his address and therein submits a notice of an address change. See id.

The attorneys for defendant Asp, on the other hand, point out that they are not with the Attorney General's Office and defendant's counsel, Kelly Yokley, has submitted a declaration that counsel, in response to the court's order, made immediate contact with the Legal Affairs division of CDCR and, on June 8, 2011, received notice from CDCR's Legal Affairs office that, following a review of personnel files and the registry, they had found that no individual named Dr. Jen has ever worked at California State Prison in Sacramento.[1] See docket # 30. Thereafter, on June 10, 2011, defendant's counsel received notice from CDCR Legal Affairs that a Dr. Jen has never worked for CDCR, from which defendant's counsel logically concluded that plaintiff must have named the wrong CDCR doctor

> As previously set forth, in relevant part, Fed. R. Civ. 4(m) states:
> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It has been more than 300 days since service was directed upon defendant Dr. Jen. See docket # 20. Plaintiff, who has evidently failed to identify this defendant correctly, has not

---

[1] The claims which gives rise to this cause of action are alleged against two individuals who are or were employed at CSP-Sacramento. See first amended complaint (docket # 15).

shown good cause why the expenditure of further time and limited judicial resources are warranted in this instance.  As plaintiff has failed to show good cause why this apparently mis-named defendant should not be dismissed and how continued efforts to serve him/her would not prove futile, the court will now dismiss defendant Dr. Jen without prejudice under Fed. R. Civ. P. 4(m).  <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1396 (9th Cir. 1998) (Fed. Rule Civ. P. 4(m) provides that a defendant, unserved after 120 days, shall be dismissed by the district court without prejudice).

<u>Plaintiff's Requests</u>

In his show cause response, plaintiff asks the court to appoint an individual he identifies as Tanya Gamble as his "legal document provider, legal researcher," so that she can "be paid for her services." Docket # 29, p. 5.  However, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis statute does not authorize the expenditure of public funds for a non-attorney legal assistant.  <u>See</u> 28 U.S.C. § 1915.  The request for a court-appointed legal assistant will be denied.

In the alternative, plaintiff seeks appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that both plaintiff's request for the court to appoint plaintiff a legal assistant and his alternative request for appointment of counsel, filed on June 17, 2011 (docket # 29), are denied; and

IT IS RECOMMENDED that the unserved defendant Dr. Jen be dismissed without prejudice from this action, pursuant to Fed. R. Civ. P. 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
clew2120.ofr