IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS LARRY CLEWIS,

Plaintiff, No. CIV S-09-2120 JAM GGH P

vs.

CALIFORNIA PRISON HEALTH CARE SERVICES, et al.,

ORDER &

Defendants. FINDINGS AND RECOMMENDATIONS

/

Introduction

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter proceeds on a second amended complaint, filed on July 12, 2011,[1] naming four defendants, Mercy Folsom Hospital, Health Care Manager & Chief Medical Officer Dr. P. Sahota, Dr. Jew and Reg. Nurse Rebecca Asp. Defendants Sahota, Jew and Asp have answered the second amended complaint. Pending before the court are: 1) defendant Mercy Folsom Hospital's[2] motion to dismiss, filed on January 3, 2012, to which plaintiff filed his opposition on

[1] The original complaint was filed on July 31, 2009.

[2] The correct name of the entity, according to this defendant, is Mercy Hospital of Folsom. The Clerk of the Court will be directed to correct this defendant's name in the case docket.

January 23, 2012, after which defendant Mercy Hospital filed a reply on January 26, 2012; 2) defendant Mercy Hospital's motion to strike, filed on January 3, 2012, to which plaintiff filed his opposition on January 26, 2012, after which defendant Mercy Hospital filed a reply on February 1, 2012.

Plaintiff's Allegations

Plaintiff alleges that defendant Mercy Hospital was a medical entity "under contract by the California Department of Corrections and Rehabilitation [CDCR]." Second Amended Complaint (SAC), p. 3. The gravamen of plaintiff's second amended complaint with respect to defendant Mercy Hospital (hereafter, MH), is that after plaintiff suffered a broken left arm on May 26, 2008, during a game of baseball at California State Prison-Sacramento (CSPS), once plaintiff was transported to defendant MH, plaintiff received inadequate medical care in violation of his Eighth Amendment rights. Specifically, plaintiff alleges that as to defendant MH, his arm was x-rayed and it was determined that he had suffered a total break of his left arm radius [or radial] bone, but, nevertheless, defendant MH only provided plaintiff with an ice-pack and some aspirin, informed plaintiff that it does not operate on prisoners and that he should have been sent to the University of California, Davis Medical Center. Plaintiff was sent back to CSPS where he was returned to his cell without medical treatment for 24 hours. Plaintiff seeks compensatory and punitive damages "as provided by statute." See Second Amended Complaint (SAC), pp. 4, 6.

Motion to Dismiss

Defendant Hospital moves for dismissal contending that plaintiff's claim is 1) time-barred, 2) fails to state a claim under 42 U.S.C. § 1983, and 3) fails to state an Eighth Amendment claim. See Notice of Motion & Motion to Dismiss (MTD).

*Legal Standard for Motion to Dismiss*.

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*1) Whether the Claim against Defendant Mercy Hospital of Folsom is Time-Barred*

*Applicable Statute of Limitations*

"Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions." Morales v. City of Los Angeles Wilson v. Garcia, 214 F.3d 1151, 1154 (9th Cir. 2000), citing Wilson v. Garcia, 471 U.S. 261, 275, 105 S.Ct. 1938 [] (1985); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999), cert. denied, 529 U.S. 1117, 120 S.Ct. 1979, [] (2000). In California, there is a two-year statute of limitations in § 1983 cases. See Cal. Code Civ. Proc.§ 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.").

"Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law. See Hardin v. Straub, 490 U.S. 536, 537-39, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir.1988)." Fink v. Shedler, 192 F.3d at 914; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (accord). Pursuant to Cal. Code Civ. Proc. § 352.1(a), a prisoner serving a term of less than life is entitled to the two-year tolling provision before the commencement of the statute of limitations for bringing a civil rights action. Fink v. Shedler, 192 F.3d 911 at 914.

*Claim Accrual*

Notwithstanding, the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d at 914, citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994); Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998) ("federal law governs when a cause of action accrues and

the statute of limitations begins to run in a § 1983 action."); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) ("federal, not state, law determines when a civil rights claim accrues."). "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Fink , 192 F.3d at 914, citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996); Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000) (accord), overruled on other grounds, Johnson v. California, 543 U.S. 499, 125 S. Ct. 1141 (2005).

*Discussion*

Defendant MH contends that the applicable statute of limitations for plaintiff's claim is set forth in Cal. Code Civ. Proc. § 340.5, which governs claims of professional negligence [or medical malpractice] against a health care provider and which states, in relevant part:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.

Citing the definition of professional negligence provided by Cal. Code Civ. Proc. § 340.5, defendant argues that plaintiff's claim against MH comes within that statute (MTD, p. 4):

> (2) "Professional negligence" means a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital.

Defendant MH contends that "the crux" of plaintiff's claims against MH "concern the rendering of professional services," and that "it was Mercy's failure to act with respect to providing medical care that was the proximate cause of his injury." MTD, p. 4. Noting that plaintiff alleges he was told, on May 26, 2008, that defendant MH "do[es] not operate on prisoners" and

that he was refused treatment on that day, defendant contends that May 26, 2008, was the date he discovered his alleged injury within the meaning of Cal. Code Civ. Proc. § 340.5. MTD, p. 4; see, SAC, pp. 4, 6. Defendant argues that plaintiff had until May 26, 2009, to file his claims against MH, except that he is entitled to the two-year tolling provision of Cal. Code Civ. Proc. § 352.1 for prisoners. MTD, p. 5, citing Belton v. Bowers Ambulance Service, 20 Cal.4th 928, 86 Cal. Rptr.2d 107 (1999) (holding that a prisoner's time to file a medical malpractice suit under Cal. Code Civ. Proc. § 340.5 is extended by § 352.1 to three years).

Defendant MH requests judicial notice of plaintiff's original complaint, filed on July 31, 2009, and of the first amended complaint, filed on January 26, 2010.

> Under FRCP 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bankruptcy*, 828 F.2d 1385, 1388 (9th Cir.1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir.2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. See *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005).

Headwaters Construction Company v. National City Mortgage Co., 720 F. Supp.2d 1182, (D. Idaho 2010).

> "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, F.3d 903, 907 (9th Cir.2003) (citations omitted). However, the court may consider certain materials without converting the motion to dismiss into a motion for summary judgment. *Id*. at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir.2000); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994)). Such materials include documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. *Id.*

Lloyd v. Powell, 2010 WL 2560652 *1 (W.D. Wash. 2010).

\\\\\

In opposition to the motion to dismiss, plaintiff does not raise an objection to defendant's judicial notice request. Defendant's request for judicial notice of plaintiff's earlier incarnations of the operative second amended complaint is granted. Defendant MH observes that neither in the original or first amended complaint does plaintiff name MH as a defendant, and his second amended complaint, naming MH as a defendant for the first time, was filed on July 12, 2011. Thus, under the two-year tolling provision, according to defendant MH, plaintiff must have filed his claims against MH by May 26, 2011. MTD, p. 5. Citing Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989), defendant contends that it is the relation back doctrine of state, rather than federal, law that governs civil rights action under 42 U.S.C. § 1983, and that under Cal. Code Civ. Proc. § 474, plaintiff must name a "Doe" defendant if he does not specifically name a defendant in an original complaint for claims against a newly named defendant to relate back. Id.

Plaintiff counters that his claims against defendant MH are §1983 claims for a violation of his Eighth Amendment rights, and as such, with the borrowed applicable two-year statute of limitations under California law for personal injury actions (see above, Cal. Code Civ. Proc. § 335.1) in such actions along with the two-year tolling provision to which he his entitled, his claims against MH, which accrued on May 26, 2008, were timely when filed in the second amended complaint on July 12, 2011, which was ten months prior to the expiration of the applicable statute of limitations. Opposition (Opp.), pp. 1-2. The court finds that plaintiff has the better argument (assuming for the moment that MH is a state actor as that term is known in §1983 actions). In its reply (p. 2), defendant MH faults plaintiff's reliance in his opposition (p.1) on Owens v. Okure, 488 U.S. 235, 236, 109 S. Ct. 573, 574 (1989), which, in addressing the question of what statute of limitations should apply in an action under § 1983 "where a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions," held that "the residual or general personal injury statute of limitations applies." Defendant distinguishes Owens by pointing out the Supreme Court was

addressing the question of the statutes for certain intentional torts, not a professional negligence claims. However, plaintiff's claim against defendant MH is not a supplemental state law claim for medical malpractice but rather one for deliberate indifference to a serious medical condition in violation of the Eighth Amendment under § 1983. Defendant's alternative argument, that plaintiff is not entitled to the tolling provision in this action under §1983 by the application of Cal. Code Civ. Proc. § 352.1(c), requiring that plaintiff must have filed this action by no later than May 26, 2009, which is set forth with no case authority, is even less apposite.[3] The undersigned finds that defendant MH's motion to dismiss on the ground that it is time-barred should be denied.

*2) Whether Plaintiff has Stated a Claim Under 42 U.S.C. § 1983*

The Civil Rights Act, 42 U.S.C. § 1983, under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Defendant MH argues that plaintiff's allegation that it was "under contract by the California Department of Corrections and Rehabilitation" in the second amended complaint contradicts his allegation in the original complaint that MH did not have a contract with the state and is an insufficient conclusory allegation. MTD, p. 7, citing p. 3 of the original complaint. Although the undersigned has granted defendant's request for judicial notice of the prior incarnations of the operative complaint, defendant is reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Moreover, permitting leave to amend can afford a party the opportunity to

[3] See MTD, p.6, Reply, p. 3.

rectify a factual error so that the fact that plaintiff has changed the allegation regarding whether there is or was a contractual relationship between defendant and the state is not enough to repudiate the claim of such a link in the operative second amended complaint, although it might arguably tend to undermine it (particularly since plaintiff reiterated in the first amended complaint that there was no contract between defendant MH and the state).[4]

Defendant seeks to distinguish the facts of this case from those of West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250 (1988), by noting that the contract at issue therein was between a physician, not a hospital, and a state prison hospital; the physician treated the prisoner at the prison, not a private, hospital; and the doctor treated the prisoner for several months versus only once, as here. MTD, pp. 7-8, Reply, p. 3. The court does not find these differences persuasive. Under West, the Supreme Court held that a private physician under contract with the state to provide medical services to state prisoners "acted under color of state law for purposes of § 1983 when undertaking his duties" to treat the prisoner's injury. West, 487 U.S. at 54, 108 S. Ct. at 2258. This is so even though the physician provided his services per contract at a state prison hospital on a part-time basis. Id., at 56, 108 S. Ct. at 2259. "Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." Id.

> There are four ways to identify when a private actor's conduct qualifies as state action for purposes of § 1983:(1) the private actor performs a public function; (2) the private actor engages in joint activity with a state actor; (3) the private actor is subject to governmental compulsion or coercion; or (4) there is a governmental nexus with the private actor. See *Gorenc v. Salt River Project Agric Imp. and Power Dist.*, 869 F.2d 503, 507-08 (9th Cir.1989); *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003). "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional

[4] See First Amended Complaint, p. 4.

> limitations." *Kirtley*, 326 F.3d at 1093 (citing *Lee v. Katz*, 276 F.3d 550, 553-54 (9th Cir.2002) (internal quotation marks omitted)). The public function test is satisfied only on a showing that the function at issue is "both traditionally and exclusively governmental." *Id.*
>
> A private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983. See *West v. Atkins*, 487 U.S. 42, 56 n. 15, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) ( "[A]lthough the provision of medical services is a function traditionally performed by private individuals, the context in which respondent performs these services for the State (quite apart from the source of remuneration) distinguishes the relationship between respondent and West from the ordinary physician-patient relationship. Respondent carried out his duties at the state prison within the prison hospital. That correctional setting, specifically designed to be removed from the community, inevitably affects the exercise of professional judgment."); see also *Lopez v. Dep't of Health Servs*., 939 F.2d 881, 883 (9th Cir.1991) ("Here the district court's sua sponte dismissal was improper because Lopez's complaint alleges that defendants Maryvale Samaritan Hospital ("Maryvale") and Southwest Ambulance Service ("Southwest") are under contract with the state of Arizona to provide medical services to indigent citizens. These allegations are sufficient to support a section 1983 action because under either the joint action or the government nexus analysis they set forth a claim that defendants Southwest and Maryvale act under color of state law."); *Dixon v. Baptist South Medical Hospital*, 2010 WL 431186, at *5 (M.D.Ala. Feb. 1, 2010) ("The law is well settled that "a private physician ... under contract with a state to provide medical care to inmates 'acts under color of state law for purposes of section 1983 when undertaking his duties' to treat an inmate." ... It likewise follows that a private hospital under contract with a state to provide medical services to inmates acts under color of state law for § 1983 purposes.") (internal citations omitted); *Ayala v. Andreasen*, 2007 WL 1395093, at *3 (E.D.Cal. May 10, 2007) ("His employer-Queen of the Valley Hospital-was under a contract with state prison authorities for inmate referrals. As an agent of the hospital, defendant Klingman performed the catheter removal surgery pursuant to that contract and a referral approved by state prison officials. There is nothing to meaningfully distinguish these facts from *West*, where a private physician performed medical services under a contract to do so.").

George v. Sonoma County Sheriff's Dept.,732 F. Supp.2d 922, 933-34 (N.D. Cal. 2010).

> It does not make any difference that the physician in *West* performed the services at the prison whereas plaintiff was treated at an outside facility. What matters is that defendant Klingman

> performed medical services on an inmate and that he did so pursuant to a contract between the state prison system and his employer, Queen of the Valley Hospital. The court, therefore, finds that the factual allegations in the complaint are sufficient to establish that defendant Klingman acted under color of state law.

Ayala, supra, 2007 WL 1395093 * 3.

This is a question that cannot be resolved on a motion to dismiss. In a motion for summary judgment, defendant MH may be able to show that it had not contracted with CDCR to provide medical services to prison inmates, or that if contracted in part, not for the services for which plaintiff was initially sent to MH, or that there was some other justification for not having provided further medical treatment for plaintiff. However, taking plaintiff's allegations as true, as the court must on this motion to dismiss, even though the claims with regard to whether or not defendant MH is or was under a state contract could have been more definitively alleged, his claim that defendant MH was under contract with the state to provide medical services for CDCR CSPS prison inmates is sufficient to withstand a motion to dismiss contending plaintiff has not shown MH to be a state actor within the meaning of § 1983.

Although defendant did not specifically address this question, the court also finds *that at this stage*, plaintiff's assertion that he was told that MH does not operate on prisoners is sufficient to allege a practice or policy by MH that subjected him to a constitutional violation. Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 822 (7th Cir. 2009) ("a private corporation can be liable [under § 1983] if the injury alleged is the result of a policy or practice...." ).[5] The motion should be denied on the ground of plaintiff's having failed to frame a claim under § 1983 against defendant MH.

\\\\\

[5]The undersigned is not finding that for Eighth Amendment purposes, private medical practitioners or entities must be skilled in every possible medical art at peril of Eighth amendment liability. For example, a practitioner or entity might not have appropriate resources to perform brain surgery or heart/lung transplants. One would not be liable in such situations simply because such services are not provided.

*3) Whether Plaintiff has framed an Eighth Amendment Claim*

Legal Standard for Eighth Amendment Claim

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

> A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation marks omitted). Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188 (citation omitted). FN4 This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839, 114 S.Ct. 1970. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." McGuckin, 974 F.2d at 1059 (alteration and citation omitted).
>
> > FN4. In a recent case, we recognized that "deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir.2003) (citations omitted); see also Gibson, 290 F.3d at 1197 (acknowledging that a plaintiff may demonstrate that officers "must have known" of a risk of harm by showing the obvious and extreme nature of a detainee's abnormal behavior). []

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

\\\\\

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

Superimposed on these Eighth Amendment standards is the fact that in cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988). Thus, although there may be subsidiary issues of fact in dispute, unless plaintiff can provide expert evidence that the treatment he received equated with deliberate indifference thereby creating a material issue of fact, summary judgment should be entered for defendants. The dispositive question will ultimately be not what was the most appropriate course of treatment for plaintiff, but whether the failure to timely give a certain type of treatment was, in essence, criminally reckless.

*Discussion*

Defendant MH's contention is that plaintiff has alleged nothing beyond a claim of medical malpractice and amounts to a mere difference of opinion as to how to treat his broken arm. MTD, pp. 3-4, citing Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) ("[m]ere negligence in the provision of medical care...does not constitute a constitutional violation") (negligence insufficient for liability under the Eighth Amendment); Estelle v. Gamble, 429 U.S.

at 107-108, 97 S. Ct. 285 (a plaintiff has not shown deliberate indifference as a matter of law when a defendant makes a medical judgment choosing one course of treatment over another); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970) (difference of opinion regarding medical treatment between prisoner and prison medical authorities does not rise to the level of a claim under § 1983).

In this instance, while defendant MH seeks dismissal of this claim as simply a difference of opinion, plaintiff's allegation that, after taking x-rays and discerning that plaintiff had suffered a complete fracture of his radius [or radial] bone, defendant did not provide him with any treatment other than an ice pack and aspirin, subjecting him to a delay that caused him severe pain. On the face of it, this is not the type of medical injury that would appear to need the services of an expert to show that more thorough and more immediate care was warranted. It appears to be a claim that meets the standard of deliberate indifference to a serious medical condition, where defendant MH was aware that plaintiff had a broken arm and knew or should have know that plaintiff was suffering significant pain from the accident. Plaintiff argues that defendant MH subjected him to cruel and unusual punishment for "the failure to administer effective pain medication" as the x-rays taken at MH showed he had a "total break to his left arm at the radius bone" and for his obvious "substantial pain" he received only aspirin. Opp., pp. 5-6. The allegations of his second amended complaint plainly claim that he received only an ice pack for the clear break. Because inferences must be drawn in favor of plaintiff's allegations, the court finds *at this stage* that plaintiff's allegations are adequate to frame an Eighth Amendment claim against the defendant hospital.

Motion to Strike

*Legal Standard for Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)*

> Fed.R.Civ.P. 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." Fed.R.Civ.P. 12(f). "[O]nly pleadings are subject to motions to strike." *See* Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).

> Motions to strike are disfavored and infrequently granted. See *Pease & Curren Ref., Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D.Cal.1990), abrogated on other grounds by *Stanton Road Associates v. Lohrey Enters*., 984 F.2d 1015 (9th Cir.1993). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc*., 758 F.Supp. 1335, 1339 (N.D.Cal.1991) (citation omitted).

Neveu v. City of Fresno, 392 F. Supp.2d 1159, 1170 (E.D. Cal. 2005).

*Discussion*

Defendant MH moves to strike, pursuant to Fed. R. Civ. P. 12(f), as "redundant, immaterial, and impertinent," plaintiff's request for relief in the form of punitive damages. See Motion to Strike (Supporting Memorandum)(MTS), pp. 1-2. Defendant contends that the request for punitive damages is based on "insufficient conclusions of law without any facts" that justifies any such relief. Id., at 2. In his prayer for compensatory and punitive damages "according to statute," defendant MH argues, plaintiff does not identify the statute which allows for punitive damages or to whom the request for punitive damages is directed. Id. Defendant contends that plaintiff does not allege that any individual acted with malice, oppression or fraud or that defendant MH's management authorized or ratified malicious conduct.[6] Id., at 3. Defendant cites Fed. R. Civ. P. 9(b), which permits "[m]alice, intent, knowledge, and other conditions of a person's mind" to be "alleged generally." Id. Smith v. Wade, cited by defendant, holds that a jury may assess punitive damages in a § 1983 action:

> when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. We further hold that this threshold applies even when the underlying standard of liability for compensatory damages is one of recklessness.

Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625 (1983).

\\\\\

[6] The court will not re-visit defendant's contention that plaintiff has not alleged that defendant MH acted under color of law.

Defendant argues that Neveu v. City of Fresno, 392 F. Supp.2d 1159, articulates a standard for seeking punitive damages under § 1983 that places a limit on "the general rule of relaxed pleading for malice ... in the 1983 context." MTS, pp. 4-5. However, in Neveu, the court does nothing that expands the standard set forth in Smith v. Wade, supra. While striking the claim for punitive damages against a public entity under § 1983 as a matter of law, citing, City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, [] (1981), the court found plaintiff's allegations against the individual defendants "sufficient to infer malice," citing Fed. R. Civ. P. 9(b). Neveu v. City of Fresno, 392 F. Supp.2d at 1183.

In opposition, plaintiff cites the Ninth Circuit Model Jury Instructions for the standard for awarding punitive damages, arguing that he must only prove by a preponderance of the evidence that "defendant's conduct was malicious, or in reckless disregard of plaintiff's rights." Opposition (Opp.), p. 2.

Actually, Ninth Circuit Model Jury Instruction 5.5 states, in relevant part:

> The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded, and, if so, the amount of any such damages.
>
> You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff."

Plaintiff cites BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996), and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S. Ct. 1032 (1991), as support for his argument for entitlement to punitive damages. Plaintiff contends that his allegations against

defendant MH show that it acted recklessly and callously so as to warrant an award of punitive damages. See Opposition (Opp.), p. 3.

Defendant takes issue with plaintiff's reliance on BMW of North America (involving a claim of fraud by a car purchaser against an automobile manufacturer) and Pacific Mutual Life Ins. (concerning an action for fraud against an insurer) because, as defendant asserts, these cases have nothing to do with a cause of action under § 1983. Reply, pp. 3-4. Defendant contends that none of the facts pled show plaintiff was subjected to a reckless disregard of plaintiff's rights. Id., at 4.

As noted above, motions to strike under Fed. R. Civ. 12(f) are disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Neveu, supra, citing Colaprico v. Sun Microsystems, Inc., 758 F.Supp. at 1339. "Punitive damages serve to punish the defendant for wrongful conduct and to deter the defendant and others from repeating that wrong." Dang v. Cross, 422 F.3d 800, 810 (9th Cir. 2005). "It is well established that a 'jury may award punitive damages under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" Morgan v. Woessner, 997 F.2d 1244, 1255 (9th Cir. 2003) (internal citations omitted). The court does not find, as a matter of law, *at this stage of the litigation* that plaintiff's allegations against defendant MH could not give rise to an inference of reckless disregard of his rights under the Eighth Amendment. The motion to strike is denied.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court is directed to correct the name of defendant Mercy Folsom Hospital to defendant Mercy Hospital of Folsom in the docket of this case;

2. Defendant Mercy Hospital of Folsom's motion to strike plaintiff's claim for punitive damages, filed on January 3, 2012 (docket # 46), is denied.

\\\\\

IT IS RECOMMENDED that defendant Mercy Hospital of Folsom's motion to dismiss, filed on January 3, 2012 (docket # 43), be denied, and this defendant be ordered to file an answer within twenty-one days of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
lew2120.mtd+