IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS LEWIS CLEWIS,

    Plaintiff,                      No. 2: 09-cv-2120 JAM AC P

    vs.

CALIFORNIA PRISON HEALTH
CARE SERVICES, et al.,

    Defendants.                    ORDER

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. By this order, the court will address plaintiff's motion for the court to have a subpoena served on his behalf by the U.S. Marshal upon non-party University of California Davis Medical Center (UCDMC). The motion was filed on July 30, 2012 (Doc. No. 61); defendant Mercy Hospital of Folsom (MHF) filed an opposition on August 10, 2012 (Doc. No. 63). By his request, plaintiff seeks a copy of each x-ray taken at UCDMC of plaintiff's left wrist fracture on May 27th and May 28th, 2008, which he states he needs to show that the fracture he suffered was severe enough to have warranted emergency treatment which he alleges defendant MHF failed to assure he was provided. See Doc. No. 61.

\\\\

1

1   In opposition, defendant MHF correctly observes that discovery was closed as of
2 June 15, 2012.  See Doc. No. 63, citing the court's Discovery and Scheduling Order, filed on
3 March 5, 2012 (Doc. No.59).  Plaintiff indicates that, on June 3, 2012, he sent a letter and signed
4 authorization for the release of his medical information to UCDMC for release of copies of the x-
5 rays to himself but did not receive a response.  Doc. No. 61, p. 2.  As defendant MHF observes,
6 however, plaintiff does not show why he failed to seek to have the x-rays from UCDMC
7 subpoenaed until more than a month after the close of discovery.  Nor does plaintiff even provide
8 a completed subpoena which he wishes to be served.  Even application of the mailbox rule,[1] by
9 which the motion can be deemed to have been filed on July 22, 2012, does not render the motion
10 timely.  The motion will be denied; however, the denial is without prejudice.  Should this matter
11 proceed to trial following adjudication of defendant MHF's pending summary judgment motion,
12 plaintiff may renew his request to have a subpoena for his medical records served upon UCDMC.

13   Accordingly, IT IS HEREBY ORDERED that plaintiff's untimely motion for the
14 court to order service of a subpoena upon a non-party, filed on July 30, 2012 (Doc. No.  61), is
15 denied without prejudice to plaintiff's renewal of the request as set forth above.

16 DATED: December 7, 2012.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
clew2120.den

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

2